IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLARITA SOMMERS JOHNSON, FRANCIS MCQUEEN ROZELLE, JR. *Appellants* | § § § § Case No. SA-21-CV-01264-XR § |
| -vs- | § Bankruptcy Case No. 14-51480-RBK § |
| JOHN PATRICK LOWE, JENNIFER ROTHE *Appellees* | § § § § |

## ORDER

This civil action is before the Court on appeal from the United States Bankruptcy Court for the Western District of Texas. For the reasons stated below, the judgment of the bankruptcy court is **AFFIRMED** and the appeal is **DISMISSED**.

## BACKGROUND

Appellants Clarita Johnson and Francis McQueen Rozelle appeal the Bankruptcy Court's (1) Order Allowing Compensation for Jennifer Rothe, as accountant to the bankruptcy estates (ECF No. 1027), and (2) Order Denying Debtors' Motion to Reconsider the fee award (ECF No. 1030). *In re Rozelle*, No. 14-bk-51480-RBK (Bankr. W.D. Tex.).

In the seven years Ms. Rothe served as the accountant for the bankruptcy estates in this matter, she filed two fee requests. On July 20, 2017, she filed an interim application for $20,582.50 in fees and $382.66 in expenses for services rendered between September 17, 2014 and July 18, 2017. Bankr. Docket, ECF No. 755 at 2. Debtors objected, and the Bankruptcy Court held a hearing on the interim fee request on August 29, 2017. After Appellants cross-examined Ms. Rothe, the Bankruptcy Court approved her fees on an interim basis, subject to review upon her final fee application. Bankr. Docket, ECF No. 849, Interim Award Hr'g Tr. at 32:15–19; Bankr. Docket, ECF No. 755 at 2.

Ms. Rothe filed her second and final fee application on February 22, 2021, seeking (1) $19,512.50 in fees and $479.25 in expenses for services rendered between July 19, 2017 and February 15, 2021, and (2) final approval of the interim award entered in 2017. Bankr. Docket, ECF No. 997. The Bankruptcy Court held a hearing on the fee request on November 16, 2021. Appellants submitted briefing in opposition to the fee request but failed to offer any witnesses, present any evidence, or even appear at the hearing. *See* ECF No. 21-1, Final Award Hr'g Tr. at 3. 4:11–13. Ms. Rothe appeared at the hearing, along with Trustee John Patrick Lowe and the lawyer for the estates. *See id.* at 3:6–12. Ms. Rothe testified that, over the course of the seven years she had served as the accountant for the bankruptcy estates, she had prepared 24 monthly financial reports and 12 necessary fiduciary income tax returns, ultimately recovering federal tax refunds of $157,006.08—44% of the income tax originally paid. *Id.* at 4:20–5:5.

The Bankruptcy Court found that Ms. Rothe's request for fees and expenses totaling $40,956.91 was reasonable and necessary, *id.* at 5:10–13, and entered a written order approving the request on the day of the hearing. Bankr. Docket, ECF No. 1027. Appellants filed a motion for reconsideration of the fee award, which was denied on December 6, 2021 Bankr. Docket, ECF Nos. 1029, 1030. Appellants filed their notice of appeal on December 17, 2021. Bankr. Docket, ECF No. 1032.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this appeal of the order approving Ms. Rothe's fee application and the order denying Debtor's motion for reconsideration pursuant to 28 U.S.C. § 158(a)(1), which authorizes jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court.

**ISSUE PRESENTED ON APPEAL**

1. Whether the Bankruptcy Court erred in approving the fees submitted by Jennifer Rothe after considering the totality of the circumstances by which her fees were procured?

2. Whether the Bankruptcy Court erred in its determination that Jennifer Rothe's fees were 100% valid and accounted for?

**STANDARD OF REVIEW**

On appeal, a bankruptcy judge's conclusions of law are reviewed *de novo*, whereas findings of fact will not be set aside unless they are found to be clearly erroneous. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 503 (5th Cir. 2000). The district court reviews mixed questions of law and fact *de novo*. *Id*. The court reviews discretionary decisions of the bankruptcy court, including awards of fees and expenses, for abuse of discretion. *See In re Mendoza*, 111 F.3d 1264, 1270 (5th Cir. 1997); *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008); *see Rozelle v. Autry*, No. SA 17-CV-01237-RCL, 2019 WL 1333032, at *3 (W.D. Tex. Mar. 25, 2019). "[D]eference . . . is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). A bankruptcy court abuses its discretion if "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

**ANALYSIS**

Under § 330 of the Bankruptcy Code, bankruptcy courts have the discretion to award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person" in bankruptcy cases. 11 U.S.C. § 330(a)(1)(A). An accountant for a bankruptcy estate is a "professional person" within the meaning of 11 United States Code Section 327(a). The

bankruptcy court also has the discretion to reimburse parties for "actual, necessary expenses." *Id.* § 330(a)(1)(B).

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

Appellants challenge Ms. Rothe's fees on a number of bases. They assert that her rate of $200 per hour was excessive, that she spent time reviewing documents she received from the Trustee that did not have any tax consequences, and that she artificially inflated her fees by personally performing tasks, such as preparing monthly operating reports, that could have been delegated to a bookkeeper. See ECF No. 20 at 14–16. They assert that "the trustee's accountant is requesting $40,000 for doing perhaps $5000 worth of work as a CPA" and accuse Ms. Rothe of "flagrantly and fraudulently padd[ing] her billing statements[.]" *Id.* at 14.

Even assuming that these objections had merit, Appellants have not recommended any specific downward adjustments to Ms. Rothe's rate or hours that would, in their view, render her compensation more reasonable. While it is unsurprising that that Appellants would prefer to minimize Ms. Rothe's professional fees, they have failed to establish that the Bankruptcy Court's approval of the fee application was "based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *Chaves*, 47 F.3d at 156. Their mere disappointment with the fee award is no reason to disturb it.

Appellants have presumably failed to propose an alternative basis for calculating Ms. Rothe's fees because they believe she is not entitled to any compensation for her work in this matter. Indeed, the thrust of this appeal is that Ms. Rothe's fees are "just one small part of a pattern and practice of stealing from bankruptcy estates in the San Antonio bankruptcy courts." ECF No. 20 at 13. This was also the basis for Appellants' motion for reconsideration of Ms. Rothe's fee award. *See* Bankr. Docket, ECF No. 1029.

Motions for reconsideration are typically treated as Federal Rule of Civil Procedure 59(e) motions; however, motions for reconsideration served more than ten days after the judgment are generally decided under Rule 60(b). *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). Rule 60(b) provides relief from a final judgment under circumstances of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

Appellants' allegations of fraud and misrepresentation do not warrant reconsideration of or relief from the bankruptcy court's judgment. In the course of their bankruptcy proceedings, Appellants have filed numerous motions and appeals premised on an alleged conspiracy between the Trustee and the various professionals he hired to sell Appellants' real property. They contend that there was a plot to sell the property below market value and otherwise defraud the bankruptcy estates through a scheme involving bribery, kickbacks, and bid-rigging. Each court faced with these arguments has soundly rejected these allegations. *See, e.g.*, *Rozelle v. Lowe*, No. 5:15-CV-108 RP, 2016 WL 8729475, at *6 (W.D. Tex. Mar. 29, 2016), *aff'd sub nom. In Matter of Rozelle*, 671 F. App'x 359 (5th Cir. 2016) (affirming Bankruptcy Court's finding that real estate broker hired by the Trustee could serve as a disinterested broker); *In re Rozelle*, No. SA-21-CA-173-FB, 2022 WL 709022, at *2 (W.D. Tex. Jan. 31, 2022) ("Appellants do not [explain] why they believe the compensation awarded . . is improper other than their continued belief that a fraud was perpetrated in the sale of the debtors/appellants' real property.").

Appellants have nonetheless persisted in presenting this argument to the courts, even in the face of sanctions. *See Rozelle v. Branscomb, P.C.*, No. 5:16-CV-01024 (RCL), 2017 WL 3301511, at *6 (W.D. Tex. July 31, 2017) (holding that Bankruptcy Court did not err in approving sanctions "given that appellants continued to file frivolous appeals and motions in an attempt to delay the sale of the real property"). In 2019, in another appeal of a Bankruptcy Court order awarding professional fees premised on Appellants' bid-rigging theory, Judge Lamberth invited the appellee to file a motion for sanctions for filing a frivolous appeal, observing that:

> Appellants have made this same argument on numerous occasions. Appellants' argument has repeatedly been composed of conclusory and unsupported allegations, and this Court has made clear that appellants' allegations are not credible and have not provided a basis for overturning any order issued by the bankruptcy court.

6

*Rozelle v. Autry*, No. SA 17-CV-01237-RCL, 2019 WL 1333032, at *5 (W.D. Tex. Mar. 25, 2019). Over three years later, this characterization of Appellants' fraud allegations remains true. The Court can find no reason to reverse the Bankruptcy Court's orders on Ms. Rothe's fees.

## CONCLUSION

The Court has carefully considered the record, the arguments and authorities presented in Appellants' opening brief (ECF No. 20) and the response (ECF No. 21) and reply (ECF No. 22) thereto, and has reviewed the Bankruptcy Court's orders with respect to the issue raised on appeal. The Court concludes that the Bankruptcy Court did not abuse its discretion in awarding Ms. Rothe's fees and expenses for her professional services to the bankruptcy estates, nor did the Bankruptcy Court err in denying Appellants' motion to reconsider the award.

For the foregoing reasons, it is hereby **ORDERED** that the Order Allowing Compensation for Jennifer Rothe (ECF No. 1027) and the Order Denying Debtors' Motion to Reconsider (ECF No. 1030) in the jointly administered bankruptcy cases are **AFFIRMED**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Clarita Sommers Johnson at 135 Hillview Drive, San Antonio, TX 78209 and to Francis McQueen Rozelle, Jr. at 106 E. Wildwood, San Antonio, TX 78212.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE